# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JUDY A. NETTEN,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C05-4095-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the denial by an administrative law judge ("ALJ") of Judy A. Netten's ("Netten") Title II disability insurance ("DI") benefit claim. Judge Zoss determined that there was not substantial evidence in the record as a whole to support a finding that Netten is not disabled due to bipolar disorder.

Judge Zoss's Report and Recommendation concluded that the denial of benefits is not supported by substantial evidence. In fact, Judge Zoss concluded that Netten's self employment income did not meet the earnings requirements set forth in the regulations. *Netten v. Barnhart*, No. 05-4095-MWB, 2006 WL 1307988, * 7 (N.D. Iowa May, 12, 2006). Specifically Judge Zoss stated:

> The court finds the record does not contain substantial evidence to support the ALJ's determination that Netten's services to her business were "clearly worth the monetary amounts listed in the earning's [sic] guidelines at all times from the inception of the business in 1978 through the present." (R. 20) There is *no evidence* in the record concerning the amounts Netten made

>from self-employment for the years 1978 through 1986. The only evidence of record for the period following 1986 is Netten's income tax returns for the years 1999 through 2003. Considering lawfully-allowable deductions, Netten's income for those years did not meet the earnings requirements set forth in the regulations. Similarly, the record contains *no evidence* of what a comparable, unimpaired individual would earn, or what an employer would pay to an employee to do the work Netten was doing. The court is unwilling to make critical factual assumptions regarding matters that are completely absent from the record. *Cf. Petersen v. Chater,* 72 F.3d 675 (8th Cir. 1995) (noting similar deficiencies in the administrative record).

*Id*. Further, Judge Zoss found:

> Here, as in *Petersen,* the parties developed the administrative record primarily on the medical issues, not the financial ones. The court finds it was error for the ALJ to determine, on this record, that Netten was engaged in substantial gainful activity, and for him to stop his evaluation at step one of the sequential evaluation process.

*Id*. Therefore, Judge Zoss recommends that the ALJ's decision should be reversed:

> The court therefore recommends the case be remanded for further development of the record on the issue of whether Netten was engaged in substantial gainful activity, or alternatively, for a finding that she was not so engaged, and continued evaluation of her disability claim through the remaining steps of the sequential evaluation process.

*Id*.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the

2

findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

In this case, no objections have been filed. Thus, the court concludes *de novo* review, required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed).

Upon plain error review, the court finds no grounds to reject or modify the Report and Recommendation. The ALJ's decision to deny benefits is **overruled.** Therefore, the Report and Recommendation is **accepted**. *See* 28 U.S.C.§ 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). The court **reverses** the ALJ's decision and **remands** this case to the Commissioner for further development of the record and subsequent evaluation of Netten's disability claim.

**IT IS SO ORDERED.**

**DATED** this 8th day of June, 2006.

                                                                                                                              _____
                                                        MARK W. BENNETT
                                                        CHIEF JUDGE, U.S. DISTRICT COURT
                                                       NORTHERN DISTRICT OF IOWA